**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1684
_____

ACLEKUNLE A. ONATOLU,
Appellant

v.

JUDGE ROBERT M. MANDELBAUM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-01131)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 24, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed July 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Aclekunle A. Onatolu appeals the District Court's order

dismissing his complaint.  We will summarily affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Onatolu filed a pro se complaint against the Honorable Robert M. Mandelbaum alleging discrimination and false imprisonment and sought $90,000 in damages for his pain and suffering. The District Court granted Onatolu's application to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. § 1915, and dismissed the complaint without prejudice for failure to state a claim on the ground that Judge Mandelbaum is entitled to judicial immunity.[1] The District Court did not provide Onatolu leave to amend his complaint. Onatolu filed a notice of appeal on April 1, 2025, and subsequently filed an amended complaint on May 29, 2025. The District Court has not ruled on the amended complaint.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. While the District Court dismissed Onatolu's complaint without prejudice, it did not grant him leave to amend his complaint. Because the District Court's order "terminated the suit so far as the court was concerned," GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198 n.3 (3d Cir. 2001) (alterations and citations omitted), we understand the order to be final, see Merritts v. Richards, 62 F.4th 764, 772 n.4 (3d Cir. 2023).[2] We exercise plenary review over the District Court's order. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir.

---

[1] The District Court also noted that the complaint may be untimely, and venue may be improper, as the claim pertained to a 2015 criminal matter in New York City.
[2] Onatolu's amended complaint can be treated as a Rule 60(b) motion, see Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002), but as it was filed more than 28 days after the District Court's judgment, it does not impact the effectiveness of his notice of appeal, see generally Fed. R. App. P. 4(a)(4)(B)(i).

2020). Dismissals for failure to state a claim under § 1915(e)(2)(B) are governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4.

## III.

The District Court properly dismissed Onatolu's complaint for failure to state a claim, noting that his claims against Judge Mandelbaum are barred by judicial immunity. Judges are immune from civil liability for acts taken in their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (quotation marks omitted). Onatolu failed to allege that Judge Mandelbaum acted in the absence of jurisdiction or otherwise was not protected by judicial immunity.

Accordingly, we will summarily affirm the District Court's judgment.